In the Matter of the EMPIRE TRUST COMPANY, as Substituted
Grantee of Trust Powers Formerly Held by Lawyers Title
and Guaranty Company, in Rehabilitation, Petitioner.
LOUROSE REALTY CORPORATION, Respondent.

Supreme Court, Special Term, Kings County, May 24, 1944.

*Harry Baer* for petitioner.

*Winick, Barnett & Hoffman* for respondent.

HOOLEY, J. Motion to compel payment of $1,581.99, the
alleged surplus income, toward the reduction of the past due
principal of the mortgage held by movant. Respondent opposes
the motion on the ground that the true surplus is $170.70, and
that such latter named sum should be retained for immediate
repairs. The controversy turns upon the propriety of two
items, namely $1,418.29 for management fees and $63 for com-
missions paid for rental of an apartment. The management
fee in question represents 5% of the gross rents. There is no
doubt that payments were made to the persons managing
the property. The mere fact that the books called the pay-
ments salaries instead of management fees does not affect the
situation. The court will go behind the books and in this
case it has determined that the disbursements were manage-
ment fees. The question is whether such fees in this case

are allowable. This was an apartment house containing approximately thirty apartments according to the oral argument. Such a building does not run itself. It has to be managed. If the fees were paid to real estate men not connected with the corporation, there would be no question as to its being a legal deduction from income. Emanuel Halperin and Louis Halperin who received the management fees are actively engaged in the management of the premises. They are also the sole stockholders of the corporation owner. Emanuel Halperin is in the real estate business. With such a state of facts, there was no obligation on the corporation to go out and hire strangers to do the work that the Halperins themselves could do. The corporation is not entitled to any return on its equity before discharging its contractual obligation to pay the mortgage debt, but the Halperins are entitled to receive from the corporation fair compensation for their services in the management of the premises. The $63 in question, paid as commission to an outside broker for procuring a tenant, was also a proper deduction. The balance remaining, namely $170.70, should be applied toward reduction of past due principal and to that extent the motion is granted, otherwise denied.

Settle order on notice.